The PEOPLE of the State of Colorado, Complainant,

v.

Keith MOSKOWITZ, Attorney–Respondent.

No. 97SA248.

Supreme Court of Colorado, En Banc.

Sept. 2, 1997.

Linda Donnelly, Disciplinary Counsel, John S. Gleason, Deputy Disciplinary Counsel, Denver, for Complainant.

David S. Sanderson, Boulder, for Attorney–Respondent.

PER CURIAM.

The respondent and the complainant executed a stipulation, agreement, and conditional admission of misconduct pursuant to C.R.C.P. 241.18. The conditional admission recommended that the respondent receive a public censure. An inquiry panel of the supreme court grievance committee approved the conditional admission, including the recommendation of a public censure. We accept the conditional admission and publicly censure the respondent.

I

The respondent was admitted to practice law in Colorado in 1985. The conditional admission states that the respondent represented Catherine Chandler beginning in October 1993. Oakley Custom Homes, Inc., and Coastal Holdings, Inc., had filed a quiet title action against Chandler and other defendants in June 1993. Because Chandler had not filed an answer, a default judgment was entered against her.

Chandler held a promissory note from Oakley Custom Homes dated December 19, 1990, in the amount of $30,000 and secured by a deed of trust on property owned by Oakley. Oakley's lawyer filed a motion for entry of a default judgment requesting damages, costs and attorney fees, and for an order barring Chandler's claim on the promissory note secured by the deed of trust. The court granted this motion on October 27, 1993.

Chandler hired the respondent in October 1993. The respondent also represented Robert Kelley as the sole shareholder and director of Cimarron Ventures, Inc. On January 20, 1994, the court granted the respondent's motion to set aside the October 27 default judgment that had barred Chandler's claims on the promissory note and had awarded attorney fees.

Before filing the motion to vacate, the respondent filed an involuntary bankruptcy petition on behalf of Chandler and Kelley against Oakley on October 20, 1993. Oakley's lawyer filed a response disputing all of the claims raised. The lawyer moved to dismiss the involuntary petition, and asked for an award of attorney fees, actual damages, and punitive damages against the respondent's clients for filing the petition in bad faith and for abuse of process. Oakley alleged that neither Chandler nor Kelley had any basis in law or in fact to act as a petitioner creditor for purposes of the Bankruptcy Code since both held claims against the debtor that were in dispute. The exhibits in support of Oakley's motion to dismiss indicat-

ed that Kelley had a state court action pending against Oakley to void a settlement agreement that released all claims against the debtor, and that Chandler was involved in the quiet title litigation in which Oakley had recently obtained a default judgment against her.

On the respondent's advice, Kelley filed a notice in the bankruptcy court in December 1993 withdrawing his name from the involuntary bankruptcy petition. Kelley did not tell the respondent, however, that Chandler had assigned her claim to Kelley.

On February 15 and 16, 1994, Bankruptcy Judge Sidney Brooks held a hearing on the motion to dismiss and for sanctions filed by Oakley. At the conclusion of the hearing, Judge Brooks granted the motion for a directed verdict and dismissed the involuntary petition. He also awarded Oakley a total of $370,905 in attorney fees, actual damages, and punitive damages. The respondent was personally assessed $66,271.55 in attorney fees and actual damages. The respondent has settled and paid from his personal funds all the attorney fees assessed against him.

Judge Brooks specifically found that the respondent did not demonstrate that he had made an independent, diligent inquiry to ascertain the propriety and validity of filing the involuntary bankruptcy petition, or alternatively, if the respondent had made a diligent prefiling inquiry, he then recklessly chose to ignore evidence that the petition was groundless and unwarranted. The bankruptcy judge held that "it is also undisputed that [the respondent] participated in the maintenance of this involuntary action for five months in the face of available evidence that the petition was being urged by petitioners in bad faith. . . ." The conditional admission points out that because his clients asserted the attorney-client privilege, the respondent did not testify at the hearing. The respondent's subsequent motion to vacate the judgment entered by the bankruptcy judge was denied, and the respondent, Kelley, and Kelley's agent, were held jointly and severally liable to pay $3,209.38 in attorney fees.

The respondent has admitted that he failed to provide competent representation to his clients, in violation of Colo. RPC 1.1, by: (1) failing to discover and present evidence whether the debtor was generally not paying its debts as they became due; (2) not making serious efforts to obtain other petitioner creditors; (3) not obtaining evidence of wrongful transfers; (4) mischaracterizing a settlement that took place in 1994; and (5) failing to timely respond to a motion in limine. The respondent also violated Colo. RPC 1.3 (neglecting a legal matter) by failing to diligently investigate the claims involved.

## II

The inquiry panel approved the conditional admission including the recommendation that the respondent be publicly censured. In support of the parties' contention that a public censure is an adequate sanction in this case, the conditional admission states that the Office of Disciplinary Counsel retained an expert witness to review the involuntary bankruptcy matter. This expert found several factors tending to mitigate the respondent's misconduct: (1) the respondent's clients were "very difficult clients" who apparently misled him, most notably by not informing him of the assignment of Chandler's claims to Kelley: (2) the respondent in fact "resisted his clients' efforts to urge him to practice in an abusive manner" including the discovery process; and (3) the respondent's clients expected the respondent to act improperly on their behalf while at the same time withholding necessary information from him.

The gravamen of the respondent's misconduct in this case according to the complainant is the respondent's failure to adequately prepare and investigate the case and thereby realize that an involuntary bankruptcy petition "was ill-advised and without factual or legal basis." Under the ABA *Standards for Imposing Lawyer Sanctions* (1991 & 1992 Supp.) (ABA *Standards*), in the absence of aggravating or mitigating circumstances, "[s]uspension is generally appropriate when: (a) a lawyer knowingly fails to perform services for a client and causes injury or potential injury to a client; or (b) a lawyer engages in a pattern of neglect and causes injury or potential injury to a client." *Id.* at

4.42. Similarly, "[s]uspension is generally appropriate when a lawyer engages in an area of practice in which the lawyer knows he or she is not competent, and causes injury or potential injury to a client." *Id.* at 4.52.

On the other hand, public censure is an appropriate sanction when "a lawyer is negligent and does not act with reasonable diligence in representing a client, and causes injury or potential injury to a client." *Id.* at 4.43. And, a public censure is generally appropriate when a lawyer: "(a) demonstrates failure to understand relevant legal doctrines or procedures and causes injury or potential injury to a client; or (b) is negligent in determining whether he or she is competent to handle a legal matter and causes injury or potential injury to a client." *id.* at 4.53. In mitigation, the respondent has no prior discipline, *see id.* at 9.32(a); he has cooperated in the disciplinary proceedings, *see id.* at 9.32(e); and the respondent has settled and paid the attorney fees assessed against him personally, *see id.* at 9.32(k).

Because the respondent's mental state during the misconduct was predominantly one of negligence rather than knowing, and because he has not been disciplined before, we agree that a public censure is an adequate disciplinary sanction in this case. Accordingly, we accept the conditional admission and the inquiry panel's recommendation.

### III

The respondent, Keith Moskowitz, is hereby publicly censured. It is further ordered that the respondent pay the costs of this proceeding in the amount of $3,000.07 within thirty days after the announcement of this opinion to the Supreme Court Grievance Committee, 600 Seventeenth Street, Suite 920–S, Denver, Colorado 80202.